UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PHILLIP DESE, et al.,           )
                                )
        Plaintiffs,              )
                                )
    vs.                          )    No. 4:05-CV-1483 (CEJ)
                                )
EAST CENTRAL MISSOURI WATER     )
AND SEWER AUTHORITY, INC.,       )
                                )
        Defendant.               )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss plaintiffs' complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or for failure to join a necessary party, pursuant to Rule 12(b)(7). Plaintiffs have filed a memorandum in opposition to the motion; their memorandum cites no legal authority in support of their arguments, however, and is of limited value in resolving the issues.

Plaintiffs Philip Dese and Shirley and Robert Bredensteiner are residents of the City of St. Charles, Missouri. Defendant is the East Central Missouri Water and Sewer Authority, Inc., ("ECM"), a nonprofit corporation that owns sewer lines serving residential developments in unincorporated St. Charles County. ECM's sewer lines are connected to municipal treatment facilities in the City of St. Charles. Plaintiffs allege that ECM has not contracted with the City of St. Charles to establish new sewer connections or to pay for existing connections. They further

allege that ECM's sewer lines degrade plaintiffs' sewer service, increase their costs and taxes, and damage or erode the City's facilities. Plaintiffs bring suit pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that a state statute barring termination of sewer service without notice is unconstitutional. See § 432.070, Mo. Rev. Stat. They also request an injunction barring defendant from establishing additional sewer connections and from "enforcing" the challenged statute. Defendant moves to dismiss, arguing that it is a private actor against whom plaintiffs cannot assert constitutional claims. Defendant additionally argues that plaintiffs failed to join necessary parties, namely the City of St. Charles and the State of Missouri.

## I. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

**II. Background**

Section 432.070, Mo. Rev. Stat., requires contracts to be in writing when entered into by "county, city, town, village, school township, school district or other municipal contract." The statute was amended in 2005 to include the following language:

> Notwithstanding the foregoing, any home rule city with more than sixty thousand three hundred but fewer than sixty thousand four hundred inhabitants which after January 1, 2003, has committed or agreed in writing to provide sewer service or has in fact directly or indirectly provided such service to any homes within a subdivision shall give its customers two years prior written notice of its intent to discontinue service and during such two-year period shall continue to connect and provide sanitary sewer service to all homes constructed in such subdivision. In no event shall any sewer service connected prior to the expiration of such two-year period be discontinued.

Mo. Legis. S.B. 462 (eff. June 29, 2005).

Plaintiffs allege that the City of St. Charles is the only home rule city satisfying the statute's population restriction. They further allege that the statute forces them, as residents of the City of St. Charles, to provide free sewer service to homes outside the City of St. Charles. They seek a declaration that the statute is unconstitutional on its face under the Fourteenth Amendment to the United States Constitution and Article I,

Sections 2 and 10 of the Missouri Constitution, because it denies plaintiffs equal protection of the laws and deprives them of property without due process.

### III. Discussion

The Declaratory Judgment Act provides that, "In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Declaratory Judgment Act confers upon federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Canal Ins. Co. v. Ashmore, 126 F.3d 1083, 1087 (8th Cir. 1997) (quoting Wilton v. Seven Falls Co., 515 U.S> 277, 284 (1995)). In determining whether an "actual controversy" is presented, as opposed to an abstract question, the courts ask "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)). A justiciable controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-41 (1937). The controversy must be "real and substantial[,] . . . admitting of specific relief

-4-

through a decree of conclusive character." Id. at 240. See also Caldwell v. Gurley Refining Co., 755 F.2d 645, 649-50 (8th Cir. 1985). A live dispute must exist between the parties at the time of the court's hearing. Id. (citing Golden v. Zwickler, 394 U.S. 103 (1969)).

Defendant argues that it is not a state actor and, therefore, cannot be held to violate plaintiffs' constitutional rights. The Fourteenth Amendment to the United States Constitution provides: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person in its jurisdiction the equal protection of its laws."[1] The Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful," Shelley v. Kraemer, 334 U.S. 1, 13 (1948), and it is well established that private action is immune from the restrictions of the Fourteenth Amendment. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 349 (1974); Burton v. Wilmington Parking Authority, 365 U.S. 715, 722 (1961) ("As a general matter the protections of the Fourteenth Amendment do not extend to 'private conduct abridging individual rights'").

---

[1]The Missouri Constitution similarly guarantees citizens equal protection of the law and due process. Mo. Const. Art. I, §§ 2, 10. As with the Fourteenth Amendment, state action is required to implicate the state equal protection and due process clauses. Easter v. Ochs, 837 S.W.2d 516, 519 (Mo. 1992).

Plaintiffs argue, without citation to any supporting case law, that they do not have to establish that defendant ECM is a state actor because they do not seek monetary damages. They do, however, request an injunction barring ECM from "establishing any more connections to the water treatment and sewage facilities of the City of St. Charles." The Court cannot enjoin the business of a private actor who, as a matter of law, is not in a position to violate plaintiffs' constitutional rights. The proper defendants in this action are either the City of St. Charles, the entity directed by statute to perform the allegedly unconstitutional act of providing sewer service to outlying subdivisions, or the state official responsible under Missouri law for enforcing the statute in the event of its violation. Plaintiffs' complaint fails to state a claim for relief against defendant ECM.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#6] is **granted**.

A separate order of dismissal in accordance with this memorandum and order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2006.